In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-328 CR 


NO. 09-02-329 CR 


____________________



STEVEN CHARLES HENRY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 86242 and 86243






MEMORANDUM OPINION


 Steven Charles Henry pleaded guilty to separate indictments for the state jail felony
offense of burglary of a building. Tex. Pen. Code Ann. § 30.02 (a)(3),(c) (Vernon 2003).
Pursuant to plea bargain agreements between Henry and the State, the trial court sentenced
Henry to a two year term of confinement in the Texas Department of Criminal Justice,
State Jail Division, in both causes, with the sentences to be served concurrently with
sentences assessed in four cases that had been previously deferred. 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On December 5, 2002, we
granted Henry an extension of time in which to file a pro se brief. Because the appeals
involve the application of well-settled principles of law, we deliver this memorandum
opinion. See Tex. R. App. P. 47.4.

 Henry did not file a pro se brief, but did complain about the appointment of
appellate counsel. Henry complains that the crime scene is next door to counsel's office
and counsel is personally acquainted with the victims. We have reviewed the appellant's
objections, and find them to be insufficient to demonstrate conflict of interest. 

 The general notices of appeal filed by Henry failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001). (1) 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Henry raises no points of error over
which we have jurisdiction. Accordingly, we dismiss the appeals for want of jurisdiction.

 APPEALS DISMISSED. 

 PER CURIAM


Submitted on March 26, 2003

Opinion Delivered April 2, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. For appeals commenced before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3).